**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 02-40324**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**WILLIAM DURAN HARBIN; WILLIAM DAVID HARBIN,**

**Defendants-Appellants.**

**Appeals from the United States District Court**
**for the Southern District of Texas**
**(C-01-CR-221-2)**

December 3, 2002

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

William Duran Harbin and William David Harbin (the Harbins) appeal their convictions for conspiracy to possess and possessing marijuana with the intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1).

First, they assert the convictions violate Wharton's Rule. Because this contention is raised for the first time on appeal, it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is reviewed only for plain error. *E.g., **United States v. Vonn***, 122 S. Ct. 1043, 1046 (2002).

The Harbins have not demonstrated any error, plain or otherwise. Wharton's Rule bars conspiracy convictions when the underlying substantive offense cannot be committed without cooperative action. ***United States v. Payan***, 992 F.2d 1387, 1390 (5th Cir. 1993). The Harbins' assertion that their possession with intent to distribute offense required a plurality of criminal agents is incorrect. Needless to say, this offense does not require the cooperation of two persons. *See* 21 U.S.C. § 841(a)(1); ***United States v. Miller***, 146 F.3d 274, 280 (5th Cir. 1998).

The Harbins next challenge the sufficiency of evidence to support their convictions. Assuming this issue was preserved at trial, evidence is sufficient if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt". ***Jackson v. Virginia***, 443 U.S. 307, 319 (1979)(emphasis in original). The Harbins only contend they cannot be convicted on co-conspirator Gilberto Olivarez's testimony because Olivarez is a felon, has a reputation for lying, and testified in exchange for leniency at his sentencing.

Even assuming the Harbins' convictions were based solely on Olivarez's testimony, the verdict may be sustained unless Olivarez's testimony is incredible as a matter of law — that the

testimony asserted "facts that the witness physically could not have observed or events that could not have occurred under the laws of nature".  *United States v. Gadison*, 8 F.3d 186, 190 (5th Cir. 1993) (internal punctuation and citation omitted); *United States v. Bermea*, 30 F.3d 1539, 1552 (5th Cir. 1994), *cert. denied* 513 U.S. 1156 (1995) & 514 U.S. 1097 (1995).

The Harbins have not made that showing.  Instead, they simply challenge his general credibility.  This court will not overturn a jury's credibility determination.  *See United States v. Restrepo*, 994 F.2d 173, 182 (5th Cir. 1993).

*AFFIRMED*